ARMSTRONG KNITTING MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30996. Promulgated March 19, 1930.

*Henry R. Mayo, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

320

OPINION.

TRAMMELL: The issue in this proceeding is whether or not the amount of $15,153.40, paid to and received by the petitioner in cash during the taxable year 1924 in compromise and settlement of the litigation pending in the Massachusetts state court, under the circumstances set out in our findings of fact above, constitutes taxable income. The amount was not reported as income by the petitioner, but disclosure thereof was made in its return.

The respondent urges that said amount was income to the petitioner when received, for the reason that it represented damages paid to replace profits of which the petitioner had been wrongfully deprived by the defendants in said litigation. The petitioner contends that said amount was paid as damages for injuries to its good will, a capital asset, and therefore can not be said to be income.

The amount in question was paid to the petitioner in compromise and settlement of two suits, and there is no evidence to indicate in what proportion the amount could be allocated between the actions. Also, there is no evidence to establish the specific purpose for which the money was paid, other than that it was paid as a lump sum in compromise and settlement of the litigation. Whether the amount represented damages for wrongful injury to the petitioner's good will, or whether it represented damages for loss of profits, or indeed whether the amount was simply paid by the defendants to avoid further expense and harassment resulting from long continued litigation, does not definitely appear.

However, upon examination of the declarations in the two actions referred to, we are unable to conclude that the plaintiff there was seeking damages only for alleged injury to its good will. In the suit against the Oakes Brothers, based primarily upon unfair trade practices, it was alleged that by reason of the misconduct of the defendants, the plaintiff's business had been seriously interfered with and its profits destroyed. Again, in the action brought originally against Oakes and his wife, and later amended to make the

estate of the deceased wife the sole defendant, the burden of the complaint seems to have been directed to the alleged action of Margaret L. Oakes in interfering " with the business of the plaintiff and her improper and illegal methods of conducting, aiding and advising in the conduct of business in competition with the plaintiff," which was asserted to be the cause of the injury and damage complained of.

If we assume that the amount in controversy was paid as agreed damages on account of the acts of the defendants set out in the declarations, we must regard it as representing compensation for loss of profits. An amount paid in compromise of litigation, which represents compensation for loss of profits, constitutes taxable income. *Commercial Electrical Supply Co.*, 8 B. T. A. 986. Cf. *Banta Refrigerator Co.*, 15 B. T. A. 1038.

In any event, respondent has determined said amount to be income, and the burden is upon the petitioner to show by a preponderance of the evidence that the action of the respondent is erroneous. The petitioner has not, in our opinion, discharged its burden. Accordingly,

*Judgment will be entered for the respondent.*